HOFMANN & SCHWEITZER
Attorneys for Plaintiff
360 West 31st Street, Suite 1506
New York, NY 10001-2727
Tel: 212-465-8840

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THEODORE ARCHIBALD,
                Plaintiff,

     -against-

THE CITY OF NEW YORK
                Defendants
-----------------------------------------------------------x

COMPLAINT
CIVIL AND ADMIRALTY

CV 10-3654

## JURY TRIAL DEMANDED

    Plaintiff, Theodore Archibald, claims of the defendants damages upon the following causes of action:

### FIRST CAUSE OF ACTION - INJURY SUFFERED ON OR ABOUT NOVEMBER 2, 2007 WHILE EMPLOYED ON THE FERRY SAMUEL I. NEWHOUSE

1. Plaintiff is a resident of the State of New York.

2. Plaintiff is a seaman within the meaning of that term as used in the Jones Act, 46 U.S.C.§ 30104.

3. At all times herein mentioned defendant, CITY OF NEW YORK (hereinafter the "CITY"), was and is a municipal corporation, organized under the laws of the State of New York and amenable to suit in the State of New York.

4. On or about November 2, 2007, plaintiff was in the employ of the CITY as a seaman and is entitled to the benefits of 46 U.S.C. App. § 30104.

5. This cause of action arises under and by virtue of the Jones Act, 46 U.S.C. § 30104 et seq., the General Maritime Law and the admiralty and maritime jurisdiction exercised by this court. Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at plaintiff's option, as permitted under Fitzgerald v. United States Lines Company, 374 U.S. 16 (1963).

6. At all times material hereto the CITY owned, possessed, managed, operated and controlled the ferry SAMUEL I. NEWHOUSE (hereinafter, "the vessel") and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

7. On or about November 2, 2007 plaintiff was in the employ of the CITY as a member of the crew of the vessel at the rate of pay and for the term set forth in his employment contract, and/or the shipping articles, with the entitlement to bonus, found and overtime.

8. On or about November 2, 2007 while the vessel was in navigable waters, plaintiff, in the course of his employment and with the consent and knowledge of the defendant, pursuant to orders and while in the performance of his duties in furtherance of the vessel owner's business, because of the unsafe and unseaworthy condition of the vessel and the adjacent pier at which plaintiff was performing his assigned duties and the negligence of the defendant, was caused to sustain the serious injuries more specifically set forth hereunder.

2

9. The defendant had a non-delegable duty to provide plaintiff a safe place to work.

10. Plaintiff's injuries were caused by the negligence of the defendant, by its agents, servants, workmen and employees and by the unseaworthiness of the vessel, and by the defendant's breach of its obligation to provide prompt and adequate medical care, treatment, maintenance and cure.

11. Solely by reason of the negligence of the defendant and the unseaworthiness of the vessel as set forth above, plaintiff's muscles, nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and otherwise injured; he sustained injury to his abdomen and groin; he sustained internal injuries and a hernia, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; and has in the past, and will in the future, suffer a loss of earnings.

12. By reason of the foregoing, plaintiff claims compensatory damages in an amount to be determined by the trier of fact.

## SECOND CAUSE OF ACTION - INJURY SUFFERED ON OR ABOUT JULY 1, 2009 WHILE EMPLOYED ON THE FERRY SEN. JOHN J. MARCHI

13. Plaintiff repeats and realleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

14. On or about July 1, 2009, plaintiff was in the employ of the CITY as a seaman and is entitled to the benefits of 46 U.S.C. App. § 30104.

15. At all times material hereto the CITY owned, possessed, managed, operated and controlled the ferry Sen. John J. Marchi (hereinafter, "the vessel") and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

16. On or about July 1, 2009 plaintiff was in the employ of the CITY as a member of the crew of the vessel at the rate of pay and for the term set forth in his employment contract, and/or the shipping articles, with the entitlement to bonus, found and overtime.

17. On or about July 1, 2009 while the vessel was in navigable waters, plaintiff, in the course of his employment and with the consent and knowledge of the defendant, pursuant to orders and while in the performance of his duties and in furtherance of the vessel owner's business, because of the unsafe and unseaworthy condition of the vessel, and the negligence of the defendant, was caused to sustain the serious injuries more specifically set forth hereunder.

18. The defendant had a non-delegable duty to provide plaintiff a safe place to work.

19. Plaintiff's injuries were caused by the negligence of the defendant, by its agents,

4

23. Plaintiff repeats and realleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

24. The jurisdiction of this Court over this second cause of action arises under and by virtue of the Admiralty jurisdiction of the District Courts of the United States.

25. Because of plaintiff's injuries, as aforesaid, plaintiff is entitled to maintenance and cure which is unpaid and/or unprovided.

26. Plaintiff, by virtue of his service upon the said vessel, claims maintenance, cure and wages and, if warranted, punitive and exemplary damages and attorneys fees in an amount which the Court shall deem just and proper upon the trial of this cause.

27. All and singular, the premises contained in the second cause of action are true and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, plaintiff prays that judgment be entered against the defendants, and,

1. That citation issue against defendant CITY OF NEW YORK to appear and answer all the matters aforesaid;

2. That this Honorable Court enter judgment for plaintiffs in accordance with the sums set forth as aforesaid together with interest, costs and counsel fees;

3. That the said vessels, their boilers, engines, tackle, appurtenances, etc. be condemned and sold to pay the same;

4. That judgment be entered against the defendants for compensatory damages in the

amount found by the trier of fact, and for such maintenance, cure and wages as the Court