UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THEODORE ARCHIBALD,

                        Plaintiff,

      -against-

THE CITY OF NEW YORK

                        Defendant
-----------------------------------------------------------------x

**STIPULATION OF SETTLEMENT**

**10-CV-3654**
**(J. Block) (MJ Gold)**

      **WHEREAS**, plaintiff commenced this action by filing a complaint on August 10, 2010 alleging that he sustained personal injuries caused by the neglect of defendant City of New York; and

      **WHEREAS,** the City has denied any and all liability arising out of plaintiff's allegations, and

      **WHEREAS,** the Parties to this action have agreed to settle this matter for the sum of Five Hundred Thousand ($500,000.00) pursuant to the terms of settlement agreement dated April 26, 2012, a copy of which is attached hereto and made a part hereof; and

      **WHEREAS,** plaintiff is a Medicare beneficiary with a Health Identification Claim Number ("HICN") of 095445706-A; and

      **WHEREAS,** the parties wish to consider and protect Medicare's interest in the settlement of t his matter, and

      **WHEREAS,** plaintiff asserts that Medicare has not made any conditional payments on his behalf with respect to any medical treatment arising out of the accident and injuries alleged in this lawsuit from the date of the alleged injuries to the date herein, and further asserts that he has never applied for Medicare benefits, even though technically eligible for

such benefits.

WHEREAS, plaintiff has authorized his counsel to agree to the terms set forth below;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

1. Plaintiff shall reimburse Medicare for all conditional payments made by Medicare prior to the time of the settlement, if any, and for all medical expenses submitted to Medicare prior to the date of this order, even if such payments are asserted by Medicare after the effective date of this settlement, if any;

2. Plaintiff agrees that he will set aside $25,000.00 from the proceeds of the settlement of this lawsuit to be maintained in an escrow account by plaintiff's counsel for payments of future medical benefits arising out of the injuries alleged in this lawsuit which would otherwise be paid or payable by Medicare until such time as plaintiff receives a final demand letter from Medicare.

3. Plaintiff understands that, should the Center for Medicare Services ("CMS") and/or other agencies determine that Medicare's interest were not adequately protected by the amount designated in paragraph 2 above, then in such event CMS and/or other agencies may require the plaintiff to expend up to the entire amount of the settlement amount of Medicare covered expenses related to the injury claimed in the above referenced lawsuit, before Medicare will provide coverage for the further treatment of such injury. Plaintiff hereby voluntarily accepts this risk and waives any and all claims of any nature and/or damages against the City of New York, its attorneys,

agents and assigns, should CMS or other Medicare agencies take such action, including but not limited to a Private Cause of Action as otherwise authorized under the Medicare Secondary Prayer Act ("MSP"), pursuant to 42 USC Section 1395y(b)93)(A).

4. Subject to the foregoing conditions and warranties, this action is hereby settled as previously agreed to in settlement agreement dated April 26, 2012

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

6. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or tho bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
July 3, 2012

| HOFMANN & SCHWEITZER | MICHAEL A. CARDOZO |
|---|---|
| Attorneys for Plaintiff | Corporation Counsel of the C.N.Y. |
| | Attorneys for Defendant City of New York |
| By: *[signature]* | By: *[signature]* |
| Timothy F. Schweitzer | Steve Stavridis |
| 360 West 31st Street | 100 Church Street. Rm. 4-212 |
| New York, NY 10001-2727 | New York, NY 10007 |
| 212-465-8840 | 212-788-8698 |
| timothyschweitzer@hofmannlawfirm.com | sstavrid@law.nyc.gov |

## SO ORDERED:

_____
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
THEODORE ARCHIBALD,

                    Plaintiff,        **STIPULATION OF**
                                          **SETTLEMENT**

    -against-

                                               **10-CV-3654**
THE CITY OF NEW YORK                      **(J. Block) (MJ Gold)**

                    Defendant
----------------------------------------------------------------x

       **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned attorneys of record, based upon full authority given by the respective parties, that this action is settled for the total amount of $500,000., inclusive of costs, interest, attorney's fees, and disbursements, and subject to statutory liens or rights to reimbursement by third-parties, including Medicaid, Medicare, and prior attorneys.

       **IT IS FURTHER STIPULATED AND AGREED**, that based upon this settlement, the plaintiff(s) agree to discontinue this action with prejudice and to release and discharge the City of New York, Ferry John J. Marchi and Ferry S.I. New House, and its/their past and present officers, managers, administrators, employees, agents, and representatives, and all other individually named defendants and entities represented and/or indemnified by the City of New York [hereafter, "releasees"]. Plaintiff has been advised and agrees that he/she is forever barred from seeking any other recovery relating to the subject incident as against the releasees.

       **IT IS FURTHER STIPULATED AND AGREED** that prior to tendering the requisite documents for payment, as provided in CPLR 5003-a(b), that any Medicare-recipient plaintiff shall have notified Medicare and obtained and submitted with the closing papers a final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26

       **IT IS FURTHER STIPULATED AND AGREED**, that plaintiff agrees to hold harmless defendant(s) City of New York, Ferry John J. Marchi, Ferry S.I. New House, regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant(s) reserve(s) the right to issue a multi-party settlement check, naming Medicare as a payee or to issue a check to Medicare directly based on Medicare's final letter. Upon tender of all required settlement papers, payment of the settlement shall be made in accordance with CPLR 5003-a(b). Plaintiff is required to obtain a release/discharge of any attorney's lien asserted against the proceeds. Faxed signatures

shall be deemed originals.

| | |
|---|---|
| HOFMANN & SCHWEITZER<br>Attorneys for Plaintiff<br><br>By: _____<br>Timothy F. Schweitzer<br>360 West 31st Street<br>New York, NY 10001-2727 | CORPORATION COUNSEL<br>Attorneys for Defendant<br><br>By: _____ Steve Stavrides<br>Michael A. Cardozo<br>100 Church Street. Rm. 4-212<br>New York, NY 10007 |

Dated: New York, New York
       April 26, 2012